## SUPREME COURT.

THE PEOPLE agt. LEVI F. HARRISON, and others.

A *bond* given by a tavern keeper under the act of 1857, prohibiting the keeping of " a gambling table of any description," &c., is broken, where a *billiard table* is kept for use in such tavern.

*Chautauque Special Term, January*, 1865.

TRIAL by the court. Action to recover the penalty of a bond given by the defendant Harrison, as a tavern keeper, and his sureties.

WARREN & MORRIS, *for plaintiffs.*
W. A. BARDEN, *for defendants.*

MARVIN, J. The condition of the bond is, that Harrison, during the time he shall keep an inn, tavern or hotel, will not suffer it to be disorderly, or suffer any gambling, or keep a gambling table of any description, within the inn, tavern or hotel, so kept by him, or in any out-house, yard

or garden belonging thereto. (*See act of* 1857, *chap.* 628, § 7, *or Statutes at Large, vol.* 4, *p.* 46.) It was admitted upon the trial that the defendant Harrison, kept in the hotel, a billiard table; and that his guests and others used it, under a rule, that the losing party of each game, should pay to Harrison, for the use of the table, the sum of twenty cents. Harrison furnished lights and attendants.

The question raised is, was there a breach of the bond? It is argued that what was actually done, was gambling; and this position was earnestly denied. It is not necessary to decide this question. (*See the People* agt. *Sergeant,* 8 *Cowen,* 139.) In my opinion the condition of the bond was broken. By the act of 1801 (*see* 1 *R. L.* 1813, *p.* 178, § 6), the bond was to contain a condition, among other things, that the innkeeper should not " keep any billiard table or other gambling table, or shuffle board, within," &c. The same language is used in the Revised Statutes (*vol.* 1, 679, § 7). The statutes speak of disorder, cock fighting and gaming, or playing with cards or dice, and then follows the language touching the keeping of any billiard table or other gaming table, or shuffling board. We have seen the language of the act of 1857. He is not to suffer the inn or hotel to be disorderly, or suffer any gambling, or *keep* a gambling table of any description within the inn. By the Revised Laws and the Revised Statutes, there is a clear implication that a billiard table is a gaming table—a billiard table or *other* gaming table. The legislature so regarded it when kept in an inn or tavern, however it was regarded at common law. The prohibition in the act of 1857, is to the keeping of a gambling table of any description. In my opinion it was not the intention of the legislature by this change of words to change the law. I am, therefore, of the opinion that the condition of the bond in this case was broken, by keeping the billiard table in the manner it was kept within the hotel.

It was admitted upon the trial that the defendant Harrison suffered gambling in the hotel. There must be judgment for the plaintiffs for the penalty of the bond, $250.